IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHIEF CARMELA LYNN JACKSON-LEWIS,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MORSE, *et al.*,<br><br>Defendants. | Case No. 26-cv-00509-DKW-RT<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) HOLDING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS IN ABEYANCE**[1] |

On October 1, 2026, *pro se* Plaintiff Carmela Lynn Jackson-Lewis filed this action against Mike Morse, the American Federation of Teachers, the Detroit Federation of Teachers, and the United Auto Workers. Dkt. No. 1. On the same day, Jackson-Lewis filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 3.

Jackson-Lewis' Complaint states no legal claims, makes no request for relief, and provides an incomplete basis for jurisdiction. Dkt. No. 1. Interpreted liberally,[3]

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous or malicious," "fail[ing] to state a claim upon which relief may be granted," or "seek[ing] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
[3]The Court liberally construes a *pro se* Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a *pro se* litigant, such as by supplying

Jackson-Lewis alleges that she is permanently disabled and her former lawyer Mike Morse failed to secure her social security disability funds. *Id.* at 5. Given that the Complaint is devoid of any factual or legal basis against the named Defendants, the Court's only option is to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2).

Typically, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013). Although the Court has little confidence that amendment would cure the Complaint's defects, it must nevertheless DISMISS the Complaint without prejudice and with leave to amend. Jackson-Lewis may have until December 11, 2026 to file an amended complaint consistent with a litigant's ethical obligations under Fed. R. Civ. P. 11(b) and the pleadings standards set forth in *Iqbal* and Fed. R. Civ. P. 8. The Court cautions Jackson-Lewis that failure to file a timely amended complaint that addresses the described deficiencies will result in the dismissal of this action.

---

the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The IFP Application, Dkt. No. 3, is held in abeyance, pending receipt and review of an amended complaint.

IT IS SO ORDERED.

DATED: November 20, 2026 at Honolulu, Hawai‘i.

/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Chief Carmela Lynn Jackson-Lewis v. Mike Morse, et al;* Civil No. 26-00509 DKW-RT; **ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) HOLDING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS IN ABEYANCE**